## CITY COURT OF NEW YORK.

PATRICK FARLEY agt. PATRICK NORTON, as surviving partner.

*Evidence — Statements of deceased partner inadmissible as evidence against surviving partner.*

Conversations between plaintiff and a deceased partner are inadmissible as evidence against the surviving partner.

*Special Term, September*, 1884.

MOTION for a new trial.

*Samuel Greenbaum*, for motion.

*E. P. Wilder*, opposed.

McADAM, *C. J.* — The action was brought to recover an amount said to be due to the plaintiff for goods sold and delivered to the late firm of Norton & Golden. The action is in form against Patrick Norton, as surviving partner of that firm, but upon the trial it appeared that he was not a member of the firm, although by reason of his acts liable to third persons as if he had been a member thereof. It was upon this theory that the plaintiff was allowed to testify to conversations with Goldon in which the latter ordered the goods for

his firm. Upon first impression it would seem that the rule excluding conversations or transactions with deceased persons was for the protection of their estate, and that their legal representatives only could take the objection which would prevent the reception of such evidence. But upon examination it has been discovered that the court of appeals has decided that the objection may be legally taken by a surviving partner (*Green* agt. *Edick*, 56 *N. Y.*, 613), while, as before remarked, the defendant is not technically a surviving partner (not being a member of the firm), yet the complaint charges that in legal effect at least he was surviving partner and the plaintiff is concluded by his pleading.

It may be also said that there is evidence enough in the case outside of the conversations with Golden to sustain the verdict, such as proof that the goods were delivered and that Norton promised to pay the bill, and it may be argued that the admission of the evidence complained of was at most a harmless error. Be this as it may, the only certain mode of curing the error complained of is by ordering a new trial.

The motion will therefore be granted, no costs.